UNITED STATES of America,
Plaintiff-Appellee,

v.

Larry W.G. GIDDINGS,
Defendant-Appellant.

No. 83–3047.

United States Court of Appeals,
Ninth Circuit.

Submitted July 5, 1984.*

Decided Aug. 17, 1984.

* The panel is of the unanimous opinion that oral argument is not needed in this case. *See* 9th Cir.R. 3(a); Fed.R.App.P. 34(a).

William Flenniken, San Francisco, Cal., for defendant-appellant.

Before SKOPIL and NELSON, Circuit Judges, and WEIGEL, Senior District Judge.**

WEIGEL, Senior District Judge:

Appellant, Larry W.G. Giddings, is a prisoner at Leavenworth, Kansas. He moved *pro se* in the United States District Court for the Western District of Washington for correction of sentence pursuant to Fed.R.Crim.P. 35(a). The district court denied the motion without comment. Now represented by counsel, Giddings appeals.

■ Appellee moves to dismiss the appeal because the notice of appeal was not filed within ten days of entry of the order appealed from. Fed.R.App.P. 4(b). Giddings mailed his notice of appeal four days after he received the order. Because he did all that reasonably could be expected, the motion to dismiss is denied. *Fallen v. United States,* 378 U.S. 139, 144, 84 S.Ct. 1689, 1692, 12 L.Ed.2d 760 (1964).

■ Giddings claims he is entitled under 18 U.S.C. § 3568 to credit against his sentence for time spent in custody prior to sentencing. His complaint addresses the execution of his sentence, rather than the sentence itself. *United States v. Clayton,* 588 F.2d 1288, 1292 (9th Cir.1979). Accordingly, the district court properly denied Rule 35(a) relief. *Aldridge v. United States,* 405 F.2d 831, 831–32 (9th Cir.1969); *Lee v. United States,* 400 F.2d 185, 188–89 (9th Cir.1968).

■ Nor is relief available under 28 U.S.C. § 2255. It is true that, pursuant to that statute, this court has heretofore considered prisoner claims to sentencing credit. *United States v. Carbo,* 474 F.2d 698,

Andrew R. Hamilton, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

** The Honorable Stanley A. Weigel, Senior United States District Judge for the Northern District of California, sitting by designation.

699 (9th Cir.1973); *Myers v. United States,* 446 F.2d 232, 233 (9th Cir.1971); *Williams v. United States,* 440 F.2d 684, 685 (9th Cir.1971). However, in each instance, the challenged sentence was imposed under a statutory scheme which gave responsibility to the courts. The Bail Reform Act of 1966, 18 U.S.C. § 3568, made this responsibility exclusively an administrative function of the Attorney General. *Soyka v. Alldredge,* 481 F.2d 303, 305 n. 6 (3d Cir.1973); *Lee,* 400 F.2d at 188–89. Appellant was sentenced on September 9, 1980 and thus his claim for credit challenges the Attorney General's execution of sentence rather than the district court's imposition. A petition under section 2255 can test only the propriety of the sentence imposed, not the manner of execution. *Brown v. United States,* 610 F.2d 672, 677 (9th Cir.1980); *Ridenour v. United States,* 446 F.2d 57 (9th Cir. 1971).

■ Review of the execution of a sentence may be had through petition for a writ of habeas corpus under 28 U.S.C. § 2241. The district court below could not treat the Rule 35 motion as a habeas petition because the writ can issue only from a court with jurisdiction over the prisoner or his custodian. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129–1130, 35 L.Ed.2d 443 (1973); *Brown,* 610 F.2d at 677. Any habeas petition in this case must be addressed to the district court in the district where appellant is confined. *Brown,* 610 F.2d at 677.

AFFIRMED.