883 F.2d 70
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gino Renaldo ESTEP, Defendant-Appellant.
 No. 88-6667.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 6, 1989.
Decided Aug. 4, 1989.
 
 Gino Renaldo Estep, appellant pro se.
 Michael M. Middleton, Office of the United States Attorney, for appellee.
 Before HARRISON L. WINTER, DONALD RUSSELL, and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gino Estep, a convicted bank robber incarcerated at the federal penitentiary in Lewisburg, Pennsylvania, filed a motion to vacate his sentences pursuant to 28 U.S.C. Sec. 2255. He alleged that his guilty plea was involuntary and that his attorney, an Assistant Federal Public Defender, was ineffective because she did not communicate to him the consequences of his guilty plea. Estep further alleged that the district court told him he would be paroled within four years, and that this statement has been ignored in fixing his presumptive parole date. Estep subsequently added a claim that the Bureau of Prisons had miscalculated the length of his sentence. The district court denied Estep's motion. Estep appeals.
 
 
 2
 After reviewing the transcripts of Estep's guilty plea and sentencing, we conclude that his allegations concerning his pleas of guilty are without merit. The district judge did what was constitutionally and statutorily required to ensure that Estep's plea was knowingly and voluntarily made. Contrary to Estep's assertion, the judge never informed Estep that he would be paroled within four years. Finally, the transcripts belie Estep's allegation that counsel's performance was deficient either because she misled him as to the issue of parole or for any other reason.
 
 
 3
 With respect to the calculation issue, we remand with instructions that the district court dismiss the claim for lack of jurisdiction. Estep may make such a challenge only by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241 in the district where he is incarcerated. See Braden v. 30th Judicial Circuit, 410 U.S. 484 (1973); United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).
 
 
 4
 Because the record and other materials before us indicate that it would not significantly aid the decisional process, we dispense with oral argument. We remand for modification of the judgment on the calculation claim and, as modified, affirm the judgment of the district court.
 
 
 5
 AFFIRMED AS MODIFIED.