884 F.2d 583
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence Lawrence POWELL, Defendant-Appellant.
 No. 88-1228.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1989.*
Decided Aug. 25, 1989.
 Before CHOY, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clarence Lawrence Powell appeals pro se the district court's denial of his motion brought pursuant to Federal Rules of Criminal Procedure 11, 32(c)(3)(D) and 35(a). Powell contends that the government violated his plea agreement by using four dismissed counts to determine his offense severity category and his parole eligibility. The district court liberally construed appellant's motion as a petition for habeas corpus under 28 U.S.C. Sec. 2255 and denied the petition on the merits. We reverse and remand.
 
 
 3
 Powell challenges only the effect his plea agreement had on the determination of his offense severity category and his parole eligibility. Powell is not challenging the legality of his sentence. Because Powell is challenging the execution of his sentence, the district court erred in construing his motion as a petition under 28 U.S.C. Sec. 2255. United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir.1980).
 
 
 4
 A defendant's challenge to the execution of his sentence is proper through a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. Giddings, 740 F.2d at 772. The district court could not treat Powell's motion as a section 2241 petition, however, because the writ can only issue from a court with jurisdiction over the prisoner or his custodian. Id. Because Powell is imprisoned in Rochester, Minnesota, the district court in the Northern District of California had no jurisdiction over Powell's custodian. The proper forum for Powell to challenge the execution of his sentence is the district where he is confined. Dunne v. Henman, No. 88-3848, slip op. 5231, 5241 (9th Cir. May 18, 1989). Accordingly, the judgment of the district court is reversed and this case is remanded to the district court. The district court is instructed to dismiss Powell's motion for lack of jurisdiction without prejudice.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3