884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy David SALTER, Defendant-Appellant.
 No. 88-7344.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 11, 1989.
Decided Aug. 30, 1989.
 
 Randy David Salter, appellant pro se.
 Robert Claude Jendron, Jr., Office of the United States Attorney, for appellee.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Randy David Salter, a federal inmate incarcerated in Atlanta, Georgia, filed in the United States District Court for the District of South Carolina a motion to clarify and/or correct his sentence. His chief concern was that the court insure that jail time and time spent on strictly supervised bond was properly credited against his sentence. Additionally, he made a claim concerning a North Carolina detainer.
 
 
 2
 The district court granted Salter's motion on the calculation question; however, Salter did not receive all the credit to which he asserted entitlement. We vacate the district court's adjudication of jail time and remand the matter with instructions that the claim be dismissed for want of jurisdiction. Salter's attack on the execution of his sentence may be made only in a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241 in the judicial district in which he is incarcerated. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); United States v. Giddings, 740 F.2d 770 (9th Cir.1984).
 
 
 3
 The district court held that the detainer claim was so unclear that it was impossible on the record to determine whether the court had jurisdiction or if a detainer actually existed, much less what the particular contention was. The detainer claim also must be dismissed for want of jurisdiction. A district court in South Carolina would not be the proper forum for a federal inmate incarcerated outside of South Carolina to attack a North Carolina detainer. See Braden v. 30th Judicial Circuit Court, 410 U.S. at 498-99.
 
 
 4
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument, vacate the district court's calculation of jail time and remand for dismissal of the action without prejudice for want of jurisdiction.
 
 
 5
 VACATED AND REMANDED.