952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Terri JUSTIN, Defendant-Appellant
 No. 90-50409.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1991.*
Decided Jan. 13, 1992.
 
 Before FLETCHER, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terri Justin appeals the district court's denial of her motion to receive credit against her sentence for the time that she was free on bond prior to the commencement of the sentence. In this appeal, Justin argues that pre-trial release on bond subject to travel restrictions and reporting conditions constitutes "custody" under 18 U.S.C. § 3568 so as to entitle her to credit against her sentence. She also contends that the district court erred by issuing its order before Justin had an opportunity to respond to the government's brief and without an attached memorandum of law. Because the district court was without jurisdiction to hear Justin's motion, we affirm.
 
 
 3
 A district court's decision regarding a petition to vacate, set aside, or correct a sentence is reviewed de novo. United States v. Quan, 789 F.2d 711 (9th Cir.), cert. dismissed, 478 U.S. 1033 (1986).
 
 
 4
 Justin does not specify in her brief under what statutory provision she is bringing her motion to correct her sentence. A claim for credit against a federal sentence for time spent in custody prior to the commencement of a sentence is properly characterized as an attack on the execution of a sentence rather than as an attack on the legality of a sentence. See United States v. Espinoza, 866 F.2d 1067, 1071 (9th Cir.1988); United States v. Giddings, 740 F.2d 770 (9th Cir.1984). The proper procedure for review of the execution of a sentence is through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Giddings, 740 F.2d at 772; see also United States v. Mares, 868 F.2d 151, 151 (5th Cir.1989) (holding that a claim for credit for time spent free on bond "must proceed via a petition for habeas corpus") (emphasis added).
 
 
 5
 The district court could not construe Justin's motion as a habeas petition because "the writ can only issue from a court with jurisdiction over the prisoner or his custodian." Giddings, 740 F.2d at 772 (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973)). Accordingly, were Justin to file a habeas petition, she could do so only in the district where she is confined.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Moreover, "a federal prisoner is [generally] required to exhaust [her] federal administrative remedies before filing a habeas petition." Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991); see also United States v. Chalker, 915 F.2d 1254, 1256-57 (9th Cir.1990) (stating that prisoners sentenced for crimes committed before November 1, 1987, who are seeking credit for time served must first exhaust administrative remedies through the Bureau of Prisons). Justin's crime was committed in June 1987