958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew Chester MORSE, Petitioner-Appellant,
v.
U.S. PROBATION DEPT., Michael Walter, Respondents-Appellees.
 No. 90-55846.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 17, 1992.
 
 Before BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew Chester Morse, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence.[1] Morse, who was convicted of distribution of cocaine and possession with intent to distribute cocaine, asserts that he received ineffective assistance of trial counsel. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 Morse first contends that his trial counsel was ineffective because he failed to request a jury instruction on the lesser included offense of simple possession of cocaine. We disagree.
 
 
 4
 A defendant is entitled to an instruction on a lesser included offense only if the defendant (1) identifies the lesser included offense and (2) demonstrates that a rational jury could find the defendant guilty of the lesser offense, but not the greater offense. United States v. Pace, 833 F.2d 1307, 1314 (9th Cir.1987), cert. denied, 486 U.S. 1011 (1988). At trial, Morse admitted that he possessed cocaine with the intent to distribute it and that he sold it to the informant. He also claimed that the informant entrapped him. Because Morse admitted to possession with intent to distribute, no rational jury could convict him of simple possession. The jury could find only that Morse was completely innocent because he was entrapped or that he was guilty as charged. Morse's attorney did not render him ineffective assistance by failing to request an instruction on simple possession. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Morse, No. 87-5222, unpublished memorandum disposition (9th Cir. Oct. 19, 1988) (holding on direct appeal that the district court did not err by failing to give the lesser included offense instruction sua sponte), cert. denied, 489 U.S. 1058 (1989).
 
 
 5
 Morse next contends that his attorney was ineffective because he failed to subpoena character witnesses. Morse has not named any witnesses who could have been called, specified how they would have testified, or stated whether he asked his attorney to contact specific witnesses. His conclusory allegations do not establish that his attorney's performance was deficient or that the deficient performance prejudiced his defense. See Strickland, 466 U.S. 687.
 
 
 6
 Morse also contends that his attorney rendered him ineffective assistance when he failed to object to the following remarks made by the Assistant United States Attorney during closing argument:
 
 
 7
 Mr. Hayes [defense counsel] tells you it's my job to prove a lack of entrapment beyond a reasonable doubt. That's true. But your job, as a jury, is not to go into the jury room and look for reasonable doubt in this case. Your function, as a jury, is to go into the jury room and look for the truth.
 
 
 8
 Even if the prosecutor's remarks were improper, which we do not decide, Morse has not established that his counsel's conduct fell outside the "wide range of reasonable professional assistance." See id. at 689. Moreover, he has not established prejudice from his counsel's alleged error. See id. at 687. The jury was properly instructed on "reasonable doubt," and thus Morse has not shown a reasonable probability that but for his counsel's alleged error, the result of the proceeding would have been different. See id at 694.[2]
 
 
 9
 Morse also contends that the trial court erred by denying his motion to substitute counsel. We considered and rejected this claim on direct appeal. See United States v. Morse, No. 87-5222, unpublished memorandum disposition (9th Cir. Oct. 19, 1988), cert. denied, 489 U.S. 1058 (1989). The district court properly denied Morse's section 2255 motion as to this claim. See Feldman v. Henman, 815 F.2d 1318, 1321 (9th Cir.1987).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Morse filed a "petition for writ of habeas corpus," we construe his pleading as a section 2255 motion because he challenges the legality of his conviction rather than the manner of execution of his sentence. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984)
 
 
 [2]
 On appeal, Morse states that he recently learned that his trial attorney has been disbarred. The alleged disbarment is not relevant to the Strickland inquiry as to whether his attorney rendered him ineffective assistance during trial