972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Lornell HANEY, Defendant-Appellant.
 No. 91-10174.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1992.*
Decided July 17, 1992.
 
 Before WALLACE, Chief Judge, POOLE, Circuit Judge, and MARSH,** District Judge.
 MEMORANDUM
 Haney appeals from the district court's denial of his motion for an order granting him credit for time served in a halfway house pursuant to Brown v. Rison, 895 F.2d 533 (9th Cir.1990). The district court held that Brown was irrelevant as it construed 18 U.S.C. § 3568 (repealed). Haney's application was governed by 18 U.S.C. § 3585, and the district court held that Haney was not entitled to credit under that section. The district court had jurisdiction pursuant to 18 U.S.C. § 3742(a). We have jurisdiction pursuant to 18 U.S.C. § 1291. We reverse and remand.
 This term, the Supreme Court held that the attorney general, and not the district court, has the sole authority to make the initial determination of sentence credit under section 3585(b). United States v. Wilson, 112 S.Ct. 1351, 1354 (1992). Therefore, unless the attorney general, acting through the Bureau of Prisons, has had an opportunity to consider Haney's request, this case is not ripe for judicial review.
 Haney alleges that he requested, and was denied, credit by the Bureau of Prisons. The government has not contested this allegation. Thus, the requirements of Wilson appear to have been met. If, on remand, the government is able to persuade the district court that Haney did not seek credit from the attorney general, the district court shall dismiss this action without prejudice. See United States v. Checchini, No. 91-50598, slip op. 6973 (9th Cir. June 23, 1992).
 In Mills v. Taylor, No. 91-55362, slip op. 7365, 7371-72 (9th Cir. June 26, 1992), we affirmed the application of Brown to persons in "official detention" pursuant to section 3585. The conditions placed on Haney while residing at the halfway house were clearly more restrictive than those in Brown. Therefore, Haney is entitled to credit for time served in the halfway house.
 On remand, the district court shall construe Haney's pro se motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See United States v. Browning, 761 F.Supp. 681, 682 (C.D.Cal.1991); United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984). If the government cannot show that the petition is not ripe, as discussed above, the district court shall grant the petition and enter an order allowing Haney credit for time spent in the halfway house.
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Malcolm F. Marsh, United States District Judge, District of Oregon, sitting by designation