37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Respondent-Appellee,
v.
Bennett Eugene BREWER, Petitioner-Appellant.
 No. 94-15467
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bennett Eugene Brewer, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Brewer contends that the United States Parole Commission erred in relying on information in the presentence report at Brewer's 1993 parole hearing.[1] We review de novo, Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), and affirm.
 
 
 3
 Generally, a federal prisoner must file a habeas corpus petition pursuant to 28 U.S.C. Sec. 2241 if he is challenging the manner of execution of his sentence. United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984). A Sec. 2255 motion is appropriate only if the prisoner is challenging his conviction or sentence. Id.; see Tripati, 843 F.2d at 1162. Only courts with jurisdiction over the prisoner or his custodian have jurisdiction over Sec. 2241 petitions. Giddings, 740 F.2d at 772; see also Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989) (district of prisoner's confinement is proper forum for Sec. 2241 petition).
 
 
 4
 Here, the district court determined that it lacked jurisdiction to consider Brewer's challenge to the Parole Commissions's decision. Brewer contends that the district court erred in denying his Sec. 2255 motion because he was seeking relief from the district court in the form of a new presentence report. This contention lacks merit.
 
 
 5
 Brewer challenged the Parole Commission's decision to set his offense conduct at Category Seven instead of Category Six, because it erroneously relied on the presentence report. Brewer clearly raises an issue concerning the manner of execution of his sentence by challenging the Parole Commission's decision. Since challenges to the manner of execution of a sentence must be filed pursuant to Sec. 2241, the district court did not err in denying Brewer's Sec. 2255 motion. See Giddings, 740 F.2d at 772.
 
 
 6
 Moreover, the district court could not construe Brewer's Sec. 2255 motion as a Sec. 2241 petition, because only the district of confinement has jurisdiction over a Sec. 2241 petition. See id.; Dunne, 875 F.2d at 249. Since Brewer is confined in the Central District of California, he must seek relief from that district. See Dunne, 875 F.2d at 249. Accordingly, the district court properly denied Brewer's Sec. 2255 motion because it lacked jurisdiction. See Giddings, 740 F.2d at 772.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brewer raised additional claims before the district court; however, on appeal Brewer's sole challenge is to the district court's refusal to issue a new presentence report in connection with Brewer's parole status