46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond WILLIAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry CUNNINGHAM, Defendant-Appellant.
 Nos. 93-50151, 93-50427.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1994.*
Decided Jan. 11, 1995.
 
 1
 Before: FLETCHER, FERNANDEZ, Circuit Judges, and SEDWICK, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Jerry Cunningham and Raymond Williams, convicted of drug conspiracy and substantive drug counts, were both members of an eleven-person cocaine trafficking conspiracy. Williams appeals his sentence imposed after a guilty plea. Cunningham appeals his convictions based on jury verdicts. We affirm.
 
 I. FACTS
 
 4
 In November 1988, the FBI and the Los Angeles Sheriff's Department ("LASD") began a joint investigation of a suspected cocaine trafficking organization operating out of Miracle Carpet Cleaners ("MCC") in Glendale, California. The investigators used undercover officers, informants, surveillance, pen registers, and toll records to obtain information concerning the drug trafficking activities of the conspiracy. However, they were not able to obtain information about the suppliers or the disposition of the drug proceeds.
 
 
 5
 In July 1989, the FBI agents decided it was necessary to obtain a wiretap on MCC's phone. The agents successfully obtained a wiretap warrant. In the following months, the agents intercepted telephone conversations in which Cunningham arranged to sell cocaine and discussed the business of the organization with several of his co-conspirators.
 
 
 6
 On September 29, 1989, FBI agents and LASD deputies executed search warrants for Cunningham's car and residence. They found almost one-third of a kilogram of cocaine in Cunningham's car, and five firearms and two pagers in his residence. In a Mirandized post-arrest statement, Cunningham admitted that he was a cocaine trafficker. Charges were brought against Williams, Cunningham, and nine other codefendants.
 
 
 7
 Williams pled guilty to one count of conspiracy to manufacture and distribute cocaine and cocaine base, 21 U.S.C. Secs. 846, 841(a)(1), and three counts of using a communication facility to commit a felony drug trafficking offense, 21 U.S.C. Sec. 843(b). Williams appeals his sentence pro se.
 
 
 8
 Cunningham was charged with one count of conspiring to manufacture and distribute cocaine and cocaine base, 21 U.S.C. Secs. 846, 841(a)(1), thirteen counts of distributing and possessing with intent to distribute cocaine and cocaine base, 21 U.S.C. Sec. 841(a)(1), and two counts of using a telephone to facilitate the distribution of cocaine, 21 U.S.C. Sec. 843(b). Before trial, Cunningham joined in motions to suppress wiretap evidence and evidence seized from his residence and car. These motions were denied. On November 5, 1990, a jury convicted Cunningham on all charges. This appeal followed.
 
 II. CUNNINGHAM'S CLAIMS
 A. Suppression of Wiretap Evidence
 
 9
 Cunningham argues that the district court erred in not suppressing the evidence gathered from the wiretap. Cunningham argues that the wiretap affidavit omitted material information and failed to demonstrate the requisite necessity. 18 U.S.C. Sec. 2518(3)(c). In United States v. Young, a memorandum opinion arising out of the appeal of codefendant Young, we addressed this issue and affirmed the district court's refusal to suppress the wiretap evidence admitted at trial. United States v. Young, No. 91-50197 (9th Cir. May 7, 1993). Jerry Cunningham also joined in this motion to suppress the wiretap evidence and was convicted, along with Young, at the same trial. Here, the law of the case governs. See United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991). We affirm the district court's ruling on the sufficiency of the wiretap affidavit.
 
 
 10
 On appeal, Cunningham also urges reversal on the ground that Special Agent Schwarz made a false oral statement to the district judge who authorized the wiretap. In United States v. Beckley, Nos. 91-50191 and 91-50297 (9th Cir. Oct. 6, 1993), a memorandum opinion arising out of the appeals of codefendants Beckley and Mozee, we addressed this argument and found that even assuming that the argument was properly preserved for appeal, it was without merit as Schwarz's allegedly false statement was not material to a finding of necessity. See United States v. Ippolito, 774 F.2d 1482, 1485 (9th Cir.1985).
 
 
 11
 On these facts, the law of the case established in Young and Beckley governs, and the district court's refusal to suppress the wiretap evidence is affirmed.
 
 
 12
 B. Suppression of Evidence Seized from Cunningham's Car and Residence
 
 
 13
 Cunningham argues that the district court erred in finding probable cause to issue search warrants for his car and residence. We review the determination of probable cause in a search warrant affidavit for clear error. United States v. Pitts, 6 F.3d 1366, 1368 (9th Cir.1993).
 
 
 14
 The record supports the district court's determination that probable cause existed to believe that evidence of cocaine trafficking would be found in Cunningham's residence and car. Schwarz was an experienced narcotics officer familiar with the methods of local cocaine dealers. United States v. Fannin, 817 F.2d 1379, 1381-82 (9th Cir.1987). The investigation had revealed that Cunningham was heavily involved in a drug trafficking organization and had used his car to transport drugs. Cunningham had stated on the wiretap, and a confidential informant confirmed, that he hid cocaine in his home. These facts support the district court's finding of probable cause to search Cunningham's car and house.
 
 C. Motion to Dismiss for Brady Violation
 
 15
 Cunningham argues that the Government violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), by failing to turn over information concerning an investigation of corruption within the LASD at a time when the information would be of value to him.
 
 
 16
 In a memorandum disposition deciding the appeal of codefendant Johnson, we affirmed the district court's refusal to grant a mistrial for this alleged Brady violation. United States v. Johnson, No. 91-50186 (9th Cir. May 7, 1993). Cunningham joined in the motion for a mistrial. They were convicted in the same trial. On these facts, the law of the case established in Johnson controls as to the refusal to grant a mistrial. See United States v. Schaff, 948 F.2d 501 (9th Cir.1991). However, Cunningham is not foreclosed from seeking a new trial based on new evidence.
 
 D. Sufficiency of Evidence
 
 17
 Cunningham's final claim is that the evidence presented was insufficient to establish that he had even a "slight" connection to the larger, single conspiracy.[1] United States v. Bibbero, 749 F.2d 581, 587 (9th Cir.1984), cert. denied, 471 U.S. 1103 (1985). We find that this claim is without merit.
 
 
 18
 "It is not necessary for the Government to prove that each defendant knew the identity and role of each of the co-conspirators or the details of the operations or any particular plan." United States v. Hernandez, 608 F.2d 741, 748 n. 5 (9th Cir.1979). It is sufficient to show that each defendant knew or had reason to know of the scope of the conspiracy and that each defendant had reason to believe that his own benefit was dependent upon the success of the entire venture. Bibbero, 749 F.2d at 588.
 
 
 19
 The evidence established that Cunningham arranged to sell cocaine supplied by and at a price set by the leader of the conspiracy, his brother Rick Cunningham. Furthermore, Cunningham discussed the operations of the organization with other members of the conspiracy. On at least one occasion, Cunningham assisted his brother, Williams, and Garrett--a confidential informant--in distributing cocaine. Finally, a large quantity of cocaine was found in his car, and evidence of cocaine trafficking was found in his residence.
 
 
 20
 Viewing the evidence in the light most favorable to the government, we find that there was sufficient evidence from which a reasonable trier of fact could have found beyond a reasonable doubt that Cunningham had at least a "slight connection" to the larger conspiracy. Accordingly, we affirm Cunningham's conspiracy conviction.
 
 III. WILLIAMS' CLAIM
 A. Credit for Time Free on Bond
 
 21
 Williams argues that he is entitled to credit against his sentence for the time he spent free on bond. We lack jurisdiction over this claim because it is a challenge to the execution, not the imposition, of the sentence. "It is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to compute sentences and apply credit where it is due. It is not the province of the sentencing court." United States v. Clayton, 588 F.2d 1288, 1292 (9th Cir.1979) (citations omitted); see also United States v. Wilson, 112 S.Ct. 1351 (1992); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989). The district court incorrectly assumed jurisdiction under 28 U.S.C. Sec. 2255. The claim for credit should have been raised in a 28 U.S.C. Sec. 2241 habeas corpus petition filed in the district in which Williams was incarcerated, in this case Arizona, after administrative exhaustion. See United States v. Giddings, 740 F.2d 770, 771 (9th Cir.1984).
 
 
 22
 Cunningham's conviction is AFFIRMED.
 
 
 23
 Williams' appeal is DISMISSED and the district court's judgment is withdrawn and the district court is directed to dismiss the petition.
 
 
 
 *
 This panel unanimously agrees that United States v. Williams, No. 93-50151, is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3
 
 
 [1]
 Cunningham concedes, and we have held elsewhere, that the evidence presented at trial was sufficient to prove the existence of a single conspiracy. See United States v. Beckley, No. 91-50191, (9th Cir. Nov. 1, 1993); United States v. Young, No. 91-50197 (9th Cir. May 7, 1993); United States v. Johnson, No. 91-50186 (9th Cir. May 7, 1993). Therefore, the law of the case is that a larger conspiracy has been established. The only remaining question is whether the evidence here was sufficient to establish Cunningham's connection to the conspiracy