107 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard D. PURCELL and Patricia K. Purcell, Defendants-Appellants.
 Nos. 95-50051, 95-50146.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1996.*
Decided Dec. 12, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellants were convicted of conspiracy to make material false statements on loan applications (18 U.S.C. § 371), making material false statements on loan applications (18 U.S.C. § 1014), and money laundering (18 U.S.C. § 1957). They appeal their convictions and identical sentences, claiming the district court incorrectly applied the sentencing guidelines.[1] We affirm their sentences.
 
 
 4
 The Purcells claim the trial court improperly calculated their sentence based on intended loss, rather than actual loss. Sentences for such violations are measured under the fraud guidelines, which teach that if intended loss is higher than actual loss, intended loss may be used for sentencing. U.S.S.G. § 2F1.1, Comment 7. Since intent was not an element of the offenses of which the Purcells were convicted, the district court was required to determine whether they "intended" to cause the lending institutions losses of the full loan amounts.
 
 
 5
 The district judge found that the Purcells were basically engaged in a Ponzi scheme, borrowing from one lender to repay another, trying to stay ahead of foreclosure. The judge noted that the Purcells had no income when they came to California, had no visible income when they took out the loans, and, in fact, were substantially in debt. Even if the Purcells believed they could pay these loans off, this belief was unreasonable because, as the district court noted, the moment of truth was inevitable. Given the record, the district court's determination that the Purcells did not intend to repay the loans was not clearly erroneous. Thus, the district judge could use the full loan amount in calculating intended loss, even though collateral was pledged for the loan. United States v. Hutchison, 22 F.3d 846, 855 (9th Cir.1993).
 
 
 6
 The Purcells also argue that the trial court erred in its calculation of intended loss. The judge included a $400,000 loan obtained by Mrs. Purcell's brother, Greg Albracht, in the intended loss calculation, even though the jury had acquitted the Purcells of the specific count concerning that loan.[2] In response to a recent Supreme Court decision, we have held that a sentencing judge may consider facts necessarily rejected by the jury. United States v. Sherpa, 97 F.3d 1239, 1244 (9th Cir.1996) (overruling Brady v. United States, 928 F.2d 844 (9th Cir.1991)). The judge was thus free to include the loan as relevant conduct if the government established the Purcells' involvement by a preponderance of the evidence. United States v. Katerman, 60 F.3d 576, 582 (9th Cir.1995).
 
 
 7
 Testimony indicated that the information in Albracht's loan application came from a previous loan application, which was brought to the bank in person by Mrs. Purcell. The Purcells also wound up receiving the proceeds of the loan when they sold a condominium to Albracht. In addition, the $400,000 loan was an alleged overt act of a conspiracy of which the Purcells were convicted. The inclusion of this loan in the intended loss calculation was not clearly erroneous.
 
 
 8
 Finally, the Purcells also contend that the intended loss calculation was incorrect because the presentence report incorrectly stated that the Purcells had received a $370,000 loan from Beacon Funding, when in fact Beacon only lent $300,000 to the Purcells, and the remaining $70,000 came through other lenders. The Purcells, however, did not challenge the loan amount at the sentencing hearing or in any filed objection to the presentence report. They have waived their right to challenge this fact on appeal. United States v. Visman, 919 F.2d 1390 (9th Cir.1990), cert. denied, 502 U.S. 969 (1991). The judgments and sentences are AFFIRMED.[3]
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Purcells also challenged their convictions on a variety of grounds, from double jeopardy based on their previous bankruptcy proceedings to errors in the jury instructions not challenged at trial. We find these claims entirely meritless
 
 
 [2]
 Making a false statement or aiding Albracht in making a false loan application was both an overt act alleged in the conspiracy count and a separate count
 
 
 [3]
 The Purcells also made a motion directly in this court to give them credit for time spent on bond as time "in custody." This motion is denied because neither the district court nor we have jurisdiction to award credits. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Any claim to credit should be pursued through the administrative remedies available within the Bureau of Prisons and can only be reviewed thereafter pursuant to 28 U.S.C. § 2241. See Doganiere v. United States, 914 F.2d 165, 169-70 (9th Cir.1990); United States v. Giddings, 740 F.2d 770, 771-72 (9th Cir.1984)