106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Greg Yee CHAN, Defendant-Appellant.
 No. 96-15828.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Greg Yee Chan appeals pro se the district court's denial his 28 U.S.C. § 2255 motion to vacate or correct his sentence imposed following his guilty plea conviction for conspiring to and knowingly conducting an illegal gambling business, in violation of 18 U.S.C. §§ 1955 and 317, and thirty-six counts of bank fraud, in violation of 18 U.S.C. § 1344. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 A. Ineffective Assistance of Counsel
 
 3
 We review de novo a district court's determination that trial counsel rendered effective assistance. United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984).
 
 
 4
 Chan contends that he received ineffective assistance of counsel because (1) he did not receive the presentence report until two days before the sentencing hearing, (2) counsel did not timely submit Chan's statement regarding acceptance of responsibility, (3) counsel failed to adequately address the issue of multiple count adjustments, and (4) counsel failed to investigate the actual loss to the victim. These contentions lack merit.
 
 
 5
 First, even assuming that Chan did not receive a copy of the presentence report in a timely manner, Chan failed to demonstrate prejudice. See Strickland, 466 U.S. at 688; see, e.g., United States v. Turner, 898 F.2d 705, 714 (9th Cir.1990) (late delivery of presentence report was harmless). Chan stated at sentencing that he had read the report, had discussed it with counsel, and was ready to be sentenced. Chan did not complain of his late receipt of the presentence report and did not seek a continuance. Moreover, Chan fails to explain how the late receipt of the report prejudiced him.
 
 
 6
 Second, Chan has failed to demonstrate prejudice due to counsel's failure to timely submit Chan's statement regarding acceptance of responsibility. See Strickland, 466 U.S. at 688. The statement was filed and considered by the district court when it granted Chan a two-level adjustment for acceptance of responsibility.
 
 
 7
 Third, counsel did address the issue of multiple count adjustments, but conceded that under current Ninth Circuit precedent gambling and bank fraud offenses should not be grouped because they involved different harms. See, e.g., United States v. Taylor, 984 F.2d 298, 303 (9th Cir.1992) (convictions for wire fraud and money laundering not grouped). Counsel's admission does not demonstrate conduct "outside the wide range of professionally competent assistance." See Strickland, 466 U.S. at 690.
 
 
 8
 Finally, Chan admitted in the signed plea agreement that the total amount of the loss was $358,410. Thus, he has failed to demonstrate prejudice due to counsel's alleged failure to investigate the actual loss to the victim. See Strickland, 466 U.S. at 688.
 
 B. Sentencing Errors
 
 9
 Chan contends for the first time in his § 2255 motion that he is entitled to a third level reduction for acceptance of responsibility and a one point reduction in his offense level due to an error in calculating the total loss. Chan has waived these claims because he failed to raise the issues during sentencing or on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 C. Restitution
 
 10
 To the extent Chan challenges the Bureau of Prison's ability to require his participation in the Inmate Financial Responsibility Program in order to pay his restitution, Chan challenges the manner of execution of his sentence. The proper method for challenging the execution of a sentence is through a habeas corpus petition under 28 U.S.C. § 2241, brought in the district court where the prisoner is confined. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 494-95 (1973); United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).
 
 
 11
 To the extent Chan seeks a clarification of the district court's restitution order and contends that the district court failed to make finding on his ability to pay restitution, we decline to address these issues for the first time on appeal. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3