Jose **CHARLUISANT–PAGAN** T/N
**Jose Enrique Charluisant–
Pagan, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. CIV.98–1989CCC.**

United States District Court,
D. Puerto Rico.

Sept. 15, 2000.

Johnny Rivera–Gonzalez, Hato Rey, PR, for Petitioner.

Guillermo Gil, U.S. Attorney, Warren Vazquez, Assistant U.S. Attorney, Hato Rey, PR, for Respondent.

## JUDGMENT

CEREZO, District Judge.

This action, originally filed pursuant to 28 U.S.C. § 2241, sought to challenge the credit being given by the Bureau of Prisons for pretrial time spent under incarceration. Petitioner is serving concurrently two sentences for convictions in cases arising from the same drug conspiracy.

In reply to a court order, Charluisant requested that the matter be converted to a petition under section 2255. As correctly pointed out by the government in its response to the petitioner's motion (docket entry 7), however, the matter complained of could not be entertained under Section 2255 and the court was without jurisdiction to hear it as a petition under 2241.

Charluisant, replying to the government's response to his petition, then raised new issues. He is now asking that his sentence be vacated or modified to reflect a "true and honest sentence," for the reasons stated in this motion. They include, among others, that the charges in both indictments could have been brought in a single indictment and that the aggregate sentence would be partially consecutive. Various other guidelines are mentioned and hypothetical situations are raised; all of which have been calculated, where applicable, as required.

Because he is not serving his sentence in Puerto Rico, we are without jurisdiction to address the issue of jail-time credit. Such a habeas petition must be addressed to the district court in the district where the petitioner is incarcerated. In *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984) the Court held:

[a] petitioner under § 2255 can test only the propriety of the sentenced imposed, not the manner of execution....

and that

[a] habeas petition to review execution of a sentence must be filed in the Court with jurisdiction over the prisoner or his custodian.

We turn now to the issue raised under § 2255. The Base Offense Level of 36 which was used by the Court in sentencing Mr. Charluisant, based upon 100 kilograms of cocaine, would still have applied to the aggregate amount of 127 kilograms from both cases. The sentences are being served concurrently. The five points calculated for the criminal history category are derived from a prior unrelated conviction and the fact that this crime was committed while the defendant was on probation. No criminal history points for the earlier related conviction on these facts were included into in the calculation. These five points translated into a Criminal History Category of III. With a total offense level of 31 after deductions for acceptance of responsibility and the role of a minor participant, the guideline range for imprisonment in this case fell between 135 and 168 months. A sentence of 137 months is at the minimum end of the range. We therefore find petitioners' implication that the sentence is somehow unjust or dishonest to be meritless.

Finally, a supplementary motion[1] challenging the jury plan on the basis of the English language requirement was recently filed (docket entry 12). Petitioner argues the "English only" requirement of the jury selection system as violative of the Fifth and Sixth Amendment rights because it excludes the majority of the population of Puerto Rico.

While deciding that there was a national interest in using English as the federal court language, the Court of Appeals for the First Circuit in *United States v. Benmuhar*, 658 F.2d 14, 20 (1st Cir.1981), further stated that the judgment was a narrow one. It expressed no opinion on resolving the matter through legislation or "as to a case in which the appellant identified ... policy that accommodations that could achieve the national language interest without the need for the English language proficiency requirement for jurors." *Id.* at 20.

As in *Benmuhar*, petitioner has failed to suggest some concrete means of reconciling the national language interest with a jury selection system with a lesser impact on jury representation. *Id.* at 19–20 fn. 4. There is no discussion of the feasibility of administrative or technological options that could satisfy the government's interest. *Id.* Moreover, petitioner has raised the issue long after trial. It is now moot.

For the above stated reasons, we find the petitioner's request for a writ of habeas corpus under Section 2255 without merit and DISMISS his petition.

SO ORDERED AND ADJUDGED.

---

1. This motion was filed as a separate petition which requested class certification. Originally given it's own number, the arguments were transferred as supplemental motions to each named defendant's pending § 2255 petition.