**McCaudis CANNON, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent.**

**No. 1:96–CV–259.**

United States District Court, N.D. Indiana, Fort Wayne Division.

Dec. 17, 1996.

McCaudis Cannon, Auburn, pro se.

Donald C. Swanson, Swanson & Campbell, Fort Wayne, for Petitioner.

### ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court on Petitioner's Habeas Corpus petition filed pursuant to 28 U.S.C. § 2241, which was filed with the court on July 2, 1996.  After being directed to do so by the court, the government filed a response on October 8, 1996, and Cannon filed a reply on November 14, 1996.  Cannon is presently incarcerated for having violated the terms of his parole.  He maintains in his petition that the present term of incarceration imposed by the Respondent is illegal in light of the recent Seventh Circuit decision in *Evans v. United States Parole Commission*, 78 F.3d 262 (7th Cir.1996).  For the following reasons, Cannon's Petition for Habeas Corpus is DENIED.

### STATEMENT OF FACTS

The facts in this matter are not disputed. McCaudis Cannon was convicted on August 12, 1977 of distribution of heroin.  On October 6, 1977, the court (Judge Eschbach) sentenced Cannon to a term of ten years imprisonment to be followed by a term of eight years of special parole.  Government's Response to Habeas Corpus Petition ("Gov't.Response"), Exh. 1. Cannon had his

---

parole revoked five times on his original ten-year prison term, with the last revocation occurring on November 24, 1992. *Id.*, Exhs. 2, 3 and 4. He was finally released from his original term of imprisonment on October 8, 1993. *Id.*, Exh. 5. His special parole term began on January 10, 1994. *Id.* On July 27, 1994, Cannon was again arrested for parole violations. *Id.*, Exh. 8. Following a revocation hearing on October 31, 1994, the Parole Commission, on November 15, 1994, revoked Cannon's term of special parole and ordered Cannon to serve 16 months in prison. *Id.*, Exhs. 9 and 10. On November 28, 1995, after serving the 16–month prison term, Cannon "was reparoled to his special parole term." *Id.*, p. 2. Cannon was again subsequently charged with violating parole and was arrested on May 8, 1996. *Id.*, Exh. 14. He has been incarcerated since that time, and it is this second period of incarceration that Cannon maintains is illegal under *Evans*.

## DISCUSSION

Like the defendant in the *Evans* case, Cannon was given a special parole term pursuant to 21 U.S.C. § 841(c). Section 841(c) was later repealed and "special parole" was replaced with "supervised release" after passage of the Sentencing Reform Act in 1984. However, § 841(c) "remains applicable to persons whose crimes predated its repeal." *Evans*, 78 F.3d at 263. As the Seventh Circuit explained:

> "Three things are 'special' about special parole: first, special parole follows the term of imprisonment, while regular parole entails release before the end of the term; second, special parole was imposed, and its length selected, by the district judge rather than by the Parole Commission; third, when special parole is revoked, its full length becomes a term of imprisonment. In other words, 'street time' does not count toward completion of special parole...."

*Id.*

Cannon argues that the *Evans* case holds that the United States Parole Commission cannot impose a second term of special parole after the term has been revoked. That is true insofar as it goes, but it is not a correct summary of the entire holding in *Evans*. And, in any case, the fact that the Commission cannot impose a second term of special parole does not make Cannon's present prison term illegal. The government argues, and the court agrees, that while the Commission cannot impose a new term of special parole, the *Evans* case does not prevent the Commission from enforcing the remainder of any parole term under the terms of ordinary parole. A close look at the *Evans* decision will reveal its holding, and will also distinguish it factually from the present case.

Kent Evans was sentenced in 1987 to two years in prison, with four years of special parole to follow. Evans was paroled from his prison term on May 2, 1988 and, on September 3, 1989, that sentence expired and his term of special parole began. Evans' special parole was revoked on June 11, 1991. As the Seventh Circuit explained, "[u]nder former § 841(c) the original term of imprisonment was increased by four years—until June 11, 1995." *Id.* The Parole Commission ordered Evans to serve 14 months in prison. He was released on June 16, 1992, having received two months of good time credit. Evans subsequently had his special parole revoked twice more and as a result found himself in prison beyond June 11, 1995, the date he argued his total sentence expired. The Parole Commission argued that each time Evans' "special parole" was revoked, it resulted in a new term of imprisonment for which he was not entitled to receive credit for "street time" as he would if he were on regular parole. This difference accounted for Evans' incarceration beyond the limits of his original sentence. The Seventh Circuit held that "the first revocation turns special parole into regular imprisonment, release from which is normal parole." *Id.* at 264. The court explained that "[s]ection 841(c) said that 'the original term of imprisonment shall be increased by the period of the special parole term.' An 'original' term can be augmented only once; after that, it is not original. What is more, § 841(c) spoke of revoking a 'special parole term imposed under this section'—that is, by a judge as part of the sentence—rather than revoking a special pa-

role term created by operation of regulation after release from a prior revocation. The Parole Commission cannot 'impose' a term of special parole any more than it can 'sentence' a defendant." *Id.* at 265.

Applying its reasoning to Evans' case, the court held that "after revocation, [Evans] had a six-year term, only two years of which had been satisfied. The Parole Commission was free to award parole from that six-year sentence, but there is no statutory basis for calling the parole 'special' or applying the forfeiture rule § 841(c) on a successive return to prison." *Id.* Thus, the court concluded that Evans could not be incarcerated after June 11, 1995.

Cannon is correct that the Parole Commission cannot impose subsequent terms of special parole once a prisoner's special parole is revoked the first time. However, the facts of the present case indicate that Cannon is not being subjected to illegal incarceration beyond the outside date of his sentence the way Evans was. The Parole Commission admits that it revoked Cannon's special parole on November 15, 1994, and that after he served the 16–month sentence imposed as a result of that revocation he "was reparoled to his special parole term." Gov't. Response, p. 2. While that action may have been improper, the debate is in reality one of semantics. Cannon's special parole term began on January 10, 1994 and was set to expire on January 9, 2002. When that term was revoked on November 15, 1994, according to *Evans,* Cannon had a new term of imprisonment of eight years, which would expire in mid-November of 2002. Of that eight-year term of imprisonment, Cannon was ordered to serve 16 months. On November 28, 1995, Cannon was, in the words of the Parole Commission, "reparoled to his special parole term." *Id.* Actually, he should have been paroled to a term of regular parole on that date. The

Commission acknowledges that fact and states that "[o]n July 22, 1996, the Commission reviewed Cannon's case on the record in view of the decision from the Court of Appeals for the Seventh Circuit in *Evans* .... The Commission determined that his special parole term should be converted to a regular term of ordinary parole, that the expiration date of this term was unchanged, and that all future decisions regarding the. forfeiture of time spent on supervision should be made under the regulation governing the loss of time on ordinary parole, i.e., 28 C.F.R. § 2.52(c)." Gov't. Response, p. 2. In other words, the Commission argues that, notwithstanding the decision in *Evans,* it "had jurisdiction to parole Cannon after he had served a prison term for special parole violations and then initiate revocation proceedings, albeit under the ordinary parole statutes, when he yet again violated the conditions of release." *Id.,* p. 3. The Commission further states that in light of *Evans,* it has converted Cannon's parole term to one of ordinary parole. *Id.*

Thus, Cannon's situation is much different from that the Seventh Circuit faced in *Evans.* Even though the Commission had no authority to impose a new term of special parole on Cannon after having revoked that special parole earlier, the issue, as stated previously, is semantical. No matter what the Parole Commission called it when they reparoled Cannon on November 28, 1995, the *Evans* case makes it clear that he was on regular parole from that point forward. Thus, the Commission still had the authority to revoke Cannon's parole (regular, that is) if he violated its terms. The actions of the Commission did not result in Cannon being incarcerated beyond the date of expiration of the eight-year term imposed on him as of November 15, 1994. That term is not set to expire for some six years hence.[1] Therefore,

1. The Parole Commission states that when it converted Cannon's special parole to ordinary parole, it determined that the "expiration date ... was unchanged." Gov't. Response, p. 2. It would appear, however, that Cannon might be entitled to "street time" credit for the period from November 28, 1995 (the date he was released on what should have been ordinary parole) until May 8, 1996 (the date he was arrested for violation of that ordinary parole) It is possible

that the Commission determined that Cannon's "street time" should be forfeited pursuant to 28 C.F.R. § 2.52(c)(1). However, the results of Cannon's revocation hearing, which was held on or about September 30, 1996, are not a part of the record in this case. This issue, if it is an issue, is therefore not before the court and, in any case, is a matter that must be addressed by the Parole Commission itself.

when Cannon was arrested on May 8, 1996 for alleged parole violations,[2] the action should have been considered one for violations of regular parole rather than special parole. But the point remains, the Commission did have the authority to have Cannon arrested and incarcerated for alleged parole violations.

## CONCLUSION

For the foregoing reasons, Petitioner McCaudis Cannon's Motion for Habeas Corpus is DENIED.

---

**2.** Cannon allegedly violated parole by 1) using illegal drugs; 2) failing to report to U.S. Probation as required; 3) criminal conversion; and 4) leaving the district without permission. Gov't. Response, Exh. 18.