**Robin K. VIERRA, Petitioner,**

v.

**UNITED STATES Of America, Respondent.**

Nos. CIV. 97–00926 ACK, CRIM. 86–00604–02 ACK.

United States District Court, D. Hawaii.

Aug. 29, 1997.

Loretta A. Faymonville, Office of the Fed. Public Def., Honolulu, HI, for Robin Vierra.

Daniel A. Bent by Elliot Enoki, Asst. U.S. Atty., for U.S.

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S § 2255 MOTION

KAY, Chief Judge.

### ISSUE

Is 28 C.F.R. § 2.57(c) giving the Parole Commission ("Commission") the authority to re-release a prisoner on special parole after the original term of special parole has been revoked inconsistent with 21 U.S.C. § 841(c), and thus invalid.

### FACTUAL BACKGROUND

On May 6, 1986, a federal grand jury in Hawaii indicted Darrell D. Vidad and Robin K. Vierra ("Petitioner") on multiple marijuana distribution charges. Petitioner was charged in four counts with distributing small amounts of marijuana on four different occasions within 1000 feet of Kalihi Uka Elementary School.

Pursuant to a plea agreement filed on April 2, 1987, Petitioner pled guilty to Count 3 of the indictment, in return for which the United States agreed to dismiss the remaining counts. Count 3 charges that on or about October 4, 1985, Petitioner intentionally and knowingly distributed approximately 1.4 grams of marijuana within 1000 feet of Kalihi Uka Elementary School in violation of 21 U.S.C. §§ 841(a)(1) and 845a(a).

On May 18, 1987, this Court sentenced Petitioner to three years probation with no incarceration, a special condition of which required Petitioner to complete a drug treatment program in a residential setting. There was no direct appeal of the conviction or sentence.

On November 30, 1987, as a result of a probation violation, this Court revoked Petitioner's probation and sentenced him to three years imprisonment, with a special parole term of four years. In an unrelated matter

(Crim. No. 88–00286 HMF 01), Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and, on June 29, 1988, was given a three year sentence to run consecutively to his term of imprisonment in this matter.

According to the Petitioner, on March 5, 1993, he was released from confinement in California, and he returned to Hawaii. Subsequently, on February, 23, 1994, he was returned to custody as a "Special Parole Violator" for using drugs. On July 15, 1995, Petitioner was released on parole from FCI–Lompoc, and he again returned to Hawaii. On September 7, 1995, Petitioner again was taken into custody for using drugs. On December 11, 1996, Petitioner was released again.

On January 12, 1996, petitioner filed a motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255 accompanied by a financial affidavit in support of his request to proceed *in forma pauperis* and for appointment of counsel. On January 29, 1996, Petitioner filed an Amendment to his motion, and on February 7, 1996, he filed a Second Amendment. On March 8, 1996, the United States filed a Response to Petitioner's § 2255 motion, and on April 4, 1996, filed a Second Response. On May 15, 1996, Petitioner filed a Belated Traverse in response to the United States' filings. On August 13, 1996, the Court denied Petitioner's § 2255 motion (hereinafter "first petition").

On December 16, 1996, Petitioner filed a belated traverse. On February 24, 1997, the Court construed his belated traverse as a reconsideration motion and denied it.

On June 2, 1997, a warrant for Petitioner's arrest was issued for violating the terms of his special parole. On June 10, 1997, Petitioner was arrested. On June 18, 1997, a Federal Public Defender was appointed to represent the Petitioner.

Petitioner filed this instant § 2255 petition on July 11, 1997. On August 6, 1997, the government filed its response.

### STANDARD OF REVIEW

■ Title 28 U.S.C. § 2255 provides that a court shall hold an evidentiary hearing on a motion under this section "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." "A court may entertain and determine such [a] motion without requiring the production of the prisoner at the hearing." *Id.*

> The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted. A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.

*United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir.1984) (citations omitted); *Shah v. United States,* 878 F.2d 1156, 1158 (9th Cir.1989); *see also United States v. Quan,* 789 F.2d 711, 715 (9th Cir.1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

■ The Ninth Circuit has recognized that even where credibility is at issue, where that can be " 'conclusively decided on the basis of documentary testimony and evidence in the record,' " no evidentiary hearing is required. *Shah,* 878 F.2d at 1159 (quoting *United States v. Espinoza,* 866 F.2d 1067, 1069 (9th Cir.1989)). Judges also may use discovery, documentary evidence, and their own notes and recollections of the plea hearing and sentencing process to supplement the record. *Shah,* 878 F.2d at 1159. "Judges may also use common sense." *Id.* The choice of method for handling a section 2255 motion is left to the discretion of the district court. *Id.* (citing *Watts v. United States,* 841 F.2d 275, 277 (9th Cir.1988)).

The Court finds an evidentiary hearing unnecessary because no factual issues are in dispute. The Court, therefore, will decide this motion without such a hearing.

### DISCUSSION

I. *Is the petition one brought under § 2255 or § 2241*

■ The first question before the Court consists of whether this motion should be

treated as a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. This inquiry becomes relevant because if the petition is brought under § 2255, the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") requires that it be certified by the Ninth Circuit.[1]

This motion challenges the ability of the Commission to impose special parole following revocation of the original special parole term. At essence, therefore, the Petitioner through this motion challenges his parole and its revocation, not the original sentence or any manner involving the sentencing court.

■■■ The Ninth Circuit has held that "the challenge of decisions such as revocation of probation or parole are not appropriately dealt with under 28 U.S.C. § 2255, which is a continuation of the original criminal action." *Grady v. United States*, 929 F.2d 468, 470 (9th Cir.1991). Instead, the Ninth Circuit held that "[o]ther remedies, such as habeas corpus, are available in such situations." *Id.* More specifically, in other contexts, the Ninth Circuit has held that a 28 U.S.C. § 2241 motion is the best vehicle for challenging the execution of a sentence. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984); *see also Tyler v. United States*, 929 F.2d 451, 453 n. 5 (9th Cir.1991). Consequently, because Petitioner challenges the execution of his sentence, the Court finds that Petitioner's motion cannot be brought under § 2255 but can be brought under § 2241. Accordingly, in the interests of justice, the Court will construe the instant petition as brought under § 2241. *Accord Fultz v. Stratman*, 963 F.Supp. 926 (S.D.Cal.1997)

(construing a petition challenging the Parole Commission's authority to re-impose a special parole as a § 2241 petition). As a § 2241 motion it need not be certified by the Ninth Circuit before being addressed.[2]

## II. *The Government's efforts to avoid reaching the merits*

The government argues that this Court should not reach the merits of Petitioner's motion because: (1) Petitioner has failed to exhaust his administrative remedies; and (2) Petitioner has abused the writ because he failed to raise the present claim in his previous habeas petitions.

### 1. *Exhaustion of Administrative Remedies*

The government argues that the Petitioner's failure to appeal the conditions of his incarceration to the Parole Commission's National Appeals Board requires this Court to dismiss the instant petition.

It does not appear that the Petitioner has brought the issue before this Court to any administrative body. Moreover, the government is correct that the Ninth Circuit has held that "[f]ederal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570 (9th Cir.1986). What the government does not set forth in its opposition, however, is that a court has discretion in waiving the exhaustion requirement.

The Petitioner brought a § 2255 petition on January 12, 1996. This petition—if deemed a § 2255 motion—would be his second and thus would require appellate certification.

---

**1.** In particular, Section 105 of the ADEPA amended 28 U.S.C. § 2255 to require that:

A second or successive motion ... be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255, *amended by* Antiterrorism and Effective Death Penalty Act of 1996 § 105.

**2.** To be valid, a 28 U.S.C. § 2241 petition has to "be addressed to the district court in the district where [Petitioner] is confined." *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984); *see also Doganiere v. United States*, 914 F.2d 165, 169 (9th Cir.1990); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.1989). When filed, the Petitioner was confined in Hawaii, thus the Court finds that jurisdictional requirements of § 2241 have been met. *See Brittingham v. United States*, 982 F.2d 378 (9th Cir.1992).

The true state of the law is that "[t]he requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition [i]s judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533 (9th Cir.1990). "Because exhaustion is not required by statute, it is not jurisdictional." *Id.* (citations omitted). "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.*

Here, the Court finds that to require exhaustion of remedies would be futile. At issue here is the propriety of what appears to have been a customary practice of the Commission: imposing a new term of special parole under 21 U.S.C. § 841(c) following revocation of the original special parole term. This practice has come under fire lately and it appears that in every instance, the Parole Commission has defended the practice. *See e.g. Evans v. United States Parole Commission*, 78 F.3d 262 (7th Cir.1996); *Fowler v. United States Parole Commission*, 94 F.3d 835 (3rd Cir.1996); *Armstrong v. United States Parole Commission*, 947 F.Supp. 1501 (W.D.Wash.1996). Clearly, the Parole Commission believes it is acting within its power when it imposes a new term of special parole after the revocation of the original special parole term. Thus, any appeal by the Petitioner to the Commission will be denied and will ultimately have to be addressed by a court. Accordingly, the Court will waive the exhaustion requirement as futile. *See Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir.1993) (per curiam); *see also Nordling v. Crabtree*, 958 F.Supp. 498 (D.Or. 1997) (holding that pursuing administrative channels in challenging the Parole Commission's ability to impose special parole would be futile); *Fultz v. Stratman*, 963 F.Supp. 926 (S.D.Cal.1997) (listing cases finding administrative exhaustion requirements regarding same issue futile).

2. *The Cause and Prejudice Standard does not Apply here*

The government next argues that "Petitioner's petition in this case is clearly an abuse of the writ, because he filed a prior habeas corpus petition in which he failed to raise the issue he raises in this petition." *See* Government's opposition, pg. 12. According to the government, therefore, the Petitioner must show cause and prejudice before being able to pursue this motion. *See McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

The Court rejects the government's argument. As the government conceded, this petition is one properly brought under § 2241, not § 2255. As the Court noted above, these two habeas provisions are distinct. A § 2255 petition challenges the underlying conviction and sentence, whereas a § 2241 petition challenges the execution of the sentence. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984); *see also Tyler v. United States*, 929 F.2d 451, 453 n. 5. Thus, claims challenging the execution of the sentence—such as the one at issue here—could not be brought in Petitioner's earlier § 2255 petition. *See* First petition, pg. 11 ("Claims (2) and (7) are challenges to actions of the Parole Commission, which cannot be brought in a § 2255 motion to the sentencing court but must be brought in a habeas petition under 28 U.S.C. § 2241 directed to the district court where the petitioner is confined.").

The Court, therefore, finds that Petitioner could not have brought this claim in his § 2255 petition. Accordingly, the bringing of this separate petition is not an abuse of the writ and need not meet the "cause and prejudice" standard.

III. *The Merits*

Not finding any of the government's procedural arguments convincing, the Court will turn to the merits of the Petitioner's petition. Before doing so, however, some background on special parole would aid the Court's discussion:

Until the Sentencing Reform Act of 1984, which in this respect applies to crimes committed after October 27, 1986, drug offenders received terms of special parole. Three things are 'special' about special pa-

role: first, special parole follows the term of imprisonment, while regular parole entails release before the end of the term; second, special parole was imposed, and its length selected, by the district judge rather than by the Parole Commission; third, when special parole is revoked, its full length becomes a term of imprisonment. *Evans v. United States Parole Commission*, 78 F.3d 262, 263 (7th Cir.1996).

■ As stated above, the issue of this case concerns the Commission's ability to impose special parole after the original special parole term has been revoked. The Commission's ability stems from 28 C.F.R. § 2.57, a regulation applying 21 U.S.C. § 841(c). As a regulation, it would normally be deserving of judicial deference so long as its interpretation of the statute is reasonable. *See e.g. Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).[3]

Despite the deference due, the circuits are split on the validity of 28 C.F.R. § 2.57 with the majority of circuits finding the regulation violative of the statute. The Third, Fourth, Fifth and Seventh Circuits have held that the Parole Commission does not have the ability to impose special parole after the initial special parole term has been revoked. *See Fowler v. United States Parole Commission*,

94 F.3d 835 (3rd Cir.1996); *United States v. Robinson*, 106 F.3d 610 (4th Cir.1997); *Artuso v. Hall*, 74 F.3d 68 (5th Cir.1996); *Evans v. United States Parole Commission*, 78 F.3d 262 (7th Cir.1996). The Eighth and D.C. Circuits have held that the Parole Commission does. *See Billis v. United States*, 83 F.3d 209 (8th Cir.1996), *cert. denied*, — U.S. —, 117 S.Ct. 252, 136 L.Ed.2d 179 (1996); *United States Parole Commission v. Williams*, 54 F.3d 820 (D.C.Cir.1995). The Ninth Circuit has yet to address the issue.[4] Four district courts in the Ninth Circuit, however, have addressed the issue with three finding that the Parole Commission did not have the power to reimpose special parole after the original special parole term had been revoked. *See Armstrong v. United States Parole Commission*, 947 F.Supp. 1501 (W.D.Wash.1996) (finding second special parole term improper); *Fultz v. Stratman*, 963 F.Supp. 926 (S.D.Cal.1997) (same); *Thomas v. Stratman*, No. 96–2094, 1997 WL 470307 (D.Wyo. Feb. 21, 1997) (same); *but see Nordling v. Crabtree*, 958 F.Supp. 498 (D.Or. 1997).[5]

■ With no binding precedent before it, this Court must decide which side of the issue it finds the most reasonable. Upon deep consideration, the Court weighs on the side of the courts that have held that the

---

**3.** In this case, however, less deference is due. First, as discussed later, the underlying statute here is not vague and clearly does not confer power on the Commission to grant special parole. Second, this Court believes that the rule of lenity precludes an overly deferential approach to the issue at hand. *See Evans v. U.S. Parole Commission*, 78 F.3d 262 (7th Cir.1996) ("[W]e have substantial doubt that the Judicial Branch owes any deference to the Executive Branch when the question concerns the maximum term of imprisonment.")

**4.** One district court has found that while the Ninth Circuit has not directly addressed the issue, it has provided guidance in *McQuerry v. United States Parole Commission*, 961 F.2d 842 (9th Cir.1992). *See Nordling v. Crabtree*, 958 F.Supp. 498 (D.Or.1997). The Court disagrees. The Ninth Circuit in *McQuerry* only addressed the propriety of the Commission's forfeiture of street time in a special parole context. *McQuerry*, 961 F.2d at 847. It did not address the issue of whether the Commission has the power to reimpose special parole. *See Fultz v. Stratman*, 963 F.Supp. 926, 931 (S.D.Cal.1997) (holding

that the Ninth Circuit in *McQuerry* "had no occasion to consider the question of whether the second term of special parole was lawfully imposed.")

The Court notes, however, that the Ninth Circuit may soon decide this issue because it currently has two cases raising the instant issue on appeal: (1) *Armstrong v. United States Parole Commission*, 947 F.Supp. 1501 (W.D.Wash. 1996); and (2) *United States v. Timothy Robles*, C.A. No. 96–56762.

**5.** In addition to the decisions listed above, the Court has found three published district court decisions all holding that the Parole Commission does not have to power to impose a term of special parole. *See Cannon v. United States Parole Commission*, 964 F.Supp. 276 (N.D.Ind. 1996); *United States v. Clemmons*, 945 F.Supp. 1519 (M.D.Fla.1996); *Whitney v. Booker*, 962 F.Supp. 1354 (D.Colo.1997). Notably, the *Clemmons* and *Booker* decisions come out of the Eleventh and Tenth Circuits respectively, circuits which like the Ninth Circuit have not directly addressed this issue.

Parole Commission **cannot** impose special parole after the original term of special parole has been revoked. The Court takes this approach for four reasons.

First, the special parole statute—21 U.S.C. § 841(c)—does not support the interpretation in 28 C.F.R. § 2.57(c) that the Parole Commission has power to impose special parole. In its entirety, the statute states that:

> A special parole term imposed under this section or section 845 of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided in this section or section 845 of this title shall be in addition to, and not in lieu of, any other parole provided for by law.

*See* 21 U.S.C. § 841(c). As evident, the statute does not in any explicit manner confer the power to impose special parole on the Commission.

Nevertheless, some courts have read the sentence that "[a] person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment" as giving the Commission the power to impose special parole. *See United States Parole Commission v. Williams*, 54 F.3d 820, 823 (D.C.Cir.1995). Like many courts—most notably the Seventh Circuit's decision in *Evans v. United States Parole Commission*, 78 F.3d 262 (7th Cir. 1996)—this Court finds that interpretation lacking. The Court agrees with the D.C. Circuit in that it reads the sentence above as conferring upon the Commission the ability to parole a prisoner who was incarcerated because he violated his special parole. However, the Court believes that the only parole authorized is general parole. The reasons for this conclusion are best explained by the following passage from the Seventh Circuit:

> 'The term of imprisonment for § 841(c) for special parole violations is thus set by stat-ute; the only open issue is whether the parolee must serve all of that term behind bars, or may serve the term through a combination of incarceration and special parole.' 54 F.3d at 824 *[quoting Williams]*. This way of putting things builds the answer into the question: the only options the D.C. Circuit considered are (a) no re-release, and (b) re-release on special parole. Having excluded (a), Williams thought it was driven to (b). **This is a false dichotomy.** Option (a) is inconsistent with § 841(c); the Parole Commission has express authority to re-lease the person again. The genuine options therefore are (b) re-release on special parole, and (c) re-release on regular parole. The D.C. Circuit did not explain why (b) is superior to (c) as an understanding of the statute. Like the fifth circuit in *Artuso*, we think that § 841(c) itself chooses between these options ... there is no statutory basis for calling parole "special" or applying the forfeiture rule of § 841(c) on a successive return to prison.

*Evans*, 78 F.3d at 264–65. Thus, the only interpretation of § 841(c) that supports the Commission's power to impose special parole is flawed.

Second, the Court finds, like other courts have, that 21 U.S.C. § 841(c) envisages that special parole will only be revoked once. *See e.g. Armstrong v. United States Parole Commission*, 947 F.Supp. 1501, 1505 (W.D.Wash. 1996), *citing Evans*, 78 F.3d at 265. In particular, the language of the statute states that:

> In such circumstances [where special parole is revoked] the **original** term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole.

*See* 21 U.S.C. § 841(c). If special parole could be imposed and revoked repeatedly, the statute should have simply stated that a term of imprisonment can be increased when special parole is revoked. Instead, Congress stated that only an "original term of imprisonment" can be increased. The Court finds the word "original", as used in 21 U.S.C.

§ 841(c), significant. As the court in *Armstrong* stated: "An original 'original' term can be augmented only once; after that, it is not original." Accordingly, because an original term of imprisonment can only be increased once, it necessarily follows that the Commission does not have the power to order a second special parole term because a second special parole could involve an increase in the term of imprisonment that is not "original."

Third, the statute's language that "a special parole term imposed under this section" confers the power to impose special parole on judges alone because the referred to section pertains only to the power of judges to impose a sentence. *See* 21 U.S.C. § 841(c). "Thus, it was judges, not the USPC, that had the authority to impose special parole terms." *Armstrong*, 947 F.Supp. at 1505. The regulation at issue here, however, gives the Commission the power to impose special parole. For that reason, it is invalid.

Aside from lacking any statutory basis, the Court also finds that the Commission's ability to impose special parole, in certain instances, has serious policy implications that go to the heart of our justice system. For an example, the Court need not look further than the case before it. Here, pursuant to violating his probation, Petitioner was sentenced on October 26, 1987 to three years imprisonment and a special parole term of four years. Because of a three-year consecutive sentence imposed by Judge Fong in another case (Cr.88–00286), Petitioner's special parole term did not begin until May, 1993. On February 23, 1994, Petitioner was committed for violating his special parole. Petitioner was released on July 14, 1995 on another special-parole term. On December 2, 1995, Petitioner was committed once again for violating his special parole. Petitioner was released on December 11, 1996 for yet

another special parole term. Once again, Petitioner violated his special parole and once again he was committed this time on June 10, 1997. Conceivably, as an admitted drug addict, the cycle of—arrest, release on special parole, violation, arrest, etc.—can be repeated *ad infinitum* in this case. If such a scenario were to occur, it appears to the Court that the Petitioner's continued re-incarceration would be due more to being a drug addict than to his culpability for the original offense. To imprison someone for being a drug addict, however, the Supreme Court has held violates Due Process. *See Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). Moreover, even if such a scenario does not rise to a constitutional error, it has serious enough implications for our criminal justice system that this Court will not uphold it absent some statutory basis.

For these reasons, and in accord with the majority of courts that have addressed the issue, the Court holds that the Commission lacks the power to impose special parole.

*IV. Application*

Because the Commission did not have the power to impose special parole after Petitioner's original special parole term was revoked, the Court will read any special parole given by the Commission as general parole. *See Cannon v. United States Parole Commission*, 964 F.Supp. 276 (N.D.Ind.1996) (construing petitioner's special parole as general parole); *Armstrong*, 947 F.Supp. at 1507. In so doing, the Court finds that the Petitioner is under the Commission's jurisdiction as a general parolee until February 23, 1998.[6] Accordingly, his present incarceration for using dangerous drugs, violating special conditions, and failing to report a change in residence is not contrary to law

---

**6.** The Court arrives at this date pursuant to the following analysis. First, Petitioner began his term as a special parolee on May 23, 1993. A warrant for his arrest was issued in July 16, 1993 but it was not until February 23, 1994 that he was committed. Thus, as of February 23, 1994, Petitioner could have been imprisoned for his full special parole term of four years, or until February 23, 1998. The Parole Commission decided not to imprison him for that long and

paroled Petitioner on July 14, 1995. The Commission then imposed a term of special parole that the Court through this order has found unwarranted. However, reading the special parole as a general parole, the Court finds that the Commission had the power to keep Petitioner on general parole until February 23, 1998. Thus, the Commission has the power to imprison Petitioner for violating parole until that date.

and thus Petitioner's request for immediate release is hereby DENIED. The Petitioner, however, will no longer be under the jurisdiction of the Commission on February 23, 1998.

### CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Petitioner's § 2255 motion.

IT IS SO ORDERED.