**Randall Joseph MITCHELL, Petitioner**

v.

**Robert A. HOOD, Warden, FCI Sheridan, (real party in interest United States Parole Commission) Defendant.**

**No. 00–1255–HO.**

United States District Court, D. Oregon.

March 22, 2001.

---

Randall J. Mitchell, Sheridan, OR, pro se.

## ORDER

HOGAN, District Judge.

Currently before the Court is Randall Joseph Mitchell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### FACTUAL BACKGROUND

DEA agents arrested petitioner on December 15, 1985, after observing him receive heroin shipped in an airline counter-to-counter package. Petitioner pleaded guilty to possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and on June 18, 1986, was sentenced to ten years in the custody of the Attorney General of the United States. Petitioner's sentence was to be followed by a four-year special parole term.

On September 17, 1991, the Parole Commission ("Commission") paroled petitioner from his ten-year sentence. Petitioner remained on parole until September 25, 1995, when he was taken into custody pursuant to a Commission arrest warrant. The Commission alleged that petitioner violated his parole by (1) driving while intoxicated/injury accident; (2) violation of special condition (alcohol abstinence); (3) failure to report contact with a police officer in a timely manner; (4) malicious mischief/criminal trespass on 7/6/94; (5) violation of special condition (alcohol abstinence); (6) malicious mischief on 4/24/95; and (7) use of dangerous and habit forming drugs.

On May 23, 1996, the Commission held a parole revocation hearing and subsequently revoked petitioner's parole. The Commission determined that petitioner's actions warranted forfeiture of all street time, and ordered him to serve eighteen months. Petitioner appealed the Commission's decision to the National Appeals Board. On October 1, 1996, the National Appeals Board affirmed the Commission's decision.

On March 14, 1997, the Commission paroled petitioner from his ten-year sentence for the second time. However, on June 2, 1999, the Commission issued a second parole violator's arrest warrant charging petitioner with failing to report for urine testing, and providing a urine sample that tested positive for a controlled substance. The Commission revoked petitioner's parole, allowed the time spent on parole to be credited, and ordered him to serve until the expiration of his ten-year sentence. On October 15, 1999, the Commission added the special condition that petitioner reside at a Community Corrections Center ("CCC") for up to 120 days upon his re-release.

Petitioner's ten-year sentence expired on November 8, 1999. He was released from prison and began serving his four-year term of special parole. On January 24, 2000, petitioner was again taken into custody under a third Commission arrest warrant. The warrant alleged that petitioner violated the conditions of special parole by using dangerous and habit forming drugs and violated the special condition that he reside at a CCC. On February 25, 2000, the Commission revoked petitioner's four-year special parole term. They did not credit any of his street time toward the service of that term. The Commission additionally converted the special parole term to a regular term of imprisonment, with presumptive parole after the service of fourteen months on March 23, 2001. Petitioner's full term date is now January 23, 2004.

## SCOPE OF REVIEW

"Federal courts have limited jurisdiction to review the Parole Commission's actions. While we may not review the Parole Commission's discretionary judgments, we may 'consider whether the Commission has acted outside statutory limits.' Such review includes determining whether the Commission honored the limits on its decision-making processes imposed by Congress." *Marquez–Perez v. Rardin,* 221 F.3d 1139, 1141 (9th Cir.2000) (quoting *Wallace v. Christensen,* 802 F.2d 1539 (9th Cir.1986)). The Court may only review "whether the Commission has acted outside its statutory authority or has violated the Constitution." *Coleman v. Perrill,* 845 F.2d 876, 878 (9th Cir.1988).

## DISCUSSION

The petitioner argues (a) that the revocation of his parole for using illegal narcotics violates the Eighth Amendment of the United States Constitution because it is punishment for the status of being a drug addict, and (b) that the failure to provide substance abuse treatment to an incarcerated drug addict is a violation of petitioner's Fifth Amendment due process rights.[1]

### A. *Petitioner's Eighth Amendment Claim*

The petitioner argues that the imposition of special parole conditions for drug addicts, and revocation of parole for violating those conditions, is punishment for the status of being a drug addict in violation of the Eighth Amendment of the United States Constitution. *See Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (finding unconstitutional a California statute making it a criminal offense for a person to be addicted to the use of narcotics). However, petitioner's reliance on *Robinson, supra,* is misplaced for two reasons.

First, this court knows of no judicial decision to support petitioner's argument that imposing restrictions on illegal drug use on parolees is unconstitutional. The requirement to not "purchase, possess, use or administer marihuana or narcotic or other habit forming drugs, unless prescribed by a physician" is imposed on every parolee. 28 C.F.R. § 2.40(a)(9).

Second, the Supreme Court has made the distinction between criminalizing a status (e.g., drug addiction) and criminalizing behavior that is related to the status (e.g., using illegal controlled substances). *See Powell v. Texas,* 392 U.S. 514, 88 S.Ct.

---

**1.** Petitioner also claims that the Parole Commission erred in finding that he had not met the special condition of living at a CCC. That decision is a matter of discretion, and not subject to review by this court. *See Meador v. Knowles,* 990 F.2d 503 (9th Cir.1993) (finding Commission's exercise of judgment within its scope of authority unreviewable).

2145, 20 L.Ed.2d 1254 (1968) (holding that a Texas statute criminalizing public drunkenness was not punishment for the status of being an alcoholic, but punishment for the act of being in public while drunk). The *Powell* court stated that "criminal penalties may be inflicted only if the accused has committed some act, has engaged in some behavior, which society has an interest in preventing, or ... has committed some actus reus." *Powell*, 392 U.S. at 533, 88 S.Ct. 2145. Thus, *Powell* established that although one can't be punished for status alone, if the individual commits an illegal act, he can lawfully be punished for that act.[2] *Id.*

Petitioner argues that the action/status distinction in *Powell* should be abandoned when the act is a pattern or symptom of the disease. Petitioner contends that medical knowledge about addiction has advanced since the *Powell* decision and that addiction is now generally thought of as a disease. Thus, petitioner argues, because taking drugs is a symptom of the disease, punishment for having the symptom is equivalent to punishment for being an addict and therefore unconstitutional under *Powell* and *Robinson, supra.*

Although the Ninth Circuit recognized that there could be a potential constitutional problem with punishing someone for their acts considering the involuntary nature of the conduct, they have not ruled on the issue directly. *United States v. Kidder*, 869 F.2d 1328 (9th Cir.1989). In *Kidder*, the plaintiff asserted that "his actions were caused by his mental illness and drug addiction and that the involuntary nature of his actions renders them immune from criminal punishment of the sort imposed." *Id.* at 1332. However, the Ninth Circuit

did not address the issue based on procedural grounds. *Id.* at 1333.

The petitioner also cites dicta in *Vierra v. United States*, 980 F.Supp. 1372 (D.Haw.1997) to support his position. The *Vierra* court stated that the cycle of "special parole, violation, arrest, etc." can be "repeated ad infinitum," and appeared to be "due more to being a drug addict than to culpability for the original offense." *Vierra*, 980 F.Supp. at 1380. However, *Vierra* is not relevant to this case because it dealt solely with the issue of whether the Parole Commission, as opposed to a judge, could impose special parole conditions, not whether those conditions were in violation of the Eighth Amendment.

None of petitioner's arguments warrant change to the law set forth by the Supreme Court in *Robinson* and *Powell, supra.* Current constitutional law holds that a person may not be punished for the status of being a drug addict, *See Robinson, supra,* but may be punished for committing an act related to their status. *See Powell*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968). Although petitioner alleges there is no real difference between an addicts status and his actions, neither the Supreme Court or the Ninth Circuit have carved an exception to that distinction made in *Powell.* Until that time, this Court must continue to apply *Powell* as it stands.

**B. *Petitioner's Fifth Amendment Claim***

Petitioner also claims that because he is being punished for his status as a drug addict, he must be provided treatment. *See United States v. Kidder*, 869 F.2d 1328

---

2. In *Powell,* the plurality opinion for the Court said; "We are unable to conclude, on the state of this record or on the current state of medical knowledge, that chronic alcoholics in general, and Leroy Powell in particular, suffer from such an irresistible compulsion to drink and get drunk in public that they are utterly unable to control their performance ...." *Powell,* 392 U.S. at 535, 88 S.Ct. 2145.

(9th Cir.1989); *Ohlinger v. Watson,* 652 F.2d 775 (9th Cir.1980). However, this issue need not be addressed because, as discussed above, petitioner is being punished for his conduct, not his status.

*CONCLUSION*

The petition for a writ of habeas corpus is denied, and this proceeding is dismissed.

IT IS SO ORDERED.